Gagik NIKOGHOSYAN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 03–74816.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

Gagik Nikoghosyan, Lake Balboa, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, James A. Hurley, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

### MEMORANDUM **

Gagik Nikoghosyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Because the IJ relied on minor inconsistencies, *see Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003), and because the IJ improperly found that Nikoghosyan's admission that he came to the United States in part to seek a job undermined his credibility regarding his fear of returning to Armenia, *see Melkonian v. Ashcroft*, 320 F.3d 1061, 1068 (9th Cir. 2003) (recognizing that fear of persecution need not be the alien's only motivation for fleeing), substantial evidence does not support the IJ's adverse credibility determination. *See Mendoza Manimbao*, 329 F.3d at 660–61.

** This disposition is not appropriate for publi-

Assuming that Nikoghosyan's testimony was credible and that he was persecuted in the past, substantial evidence supports the IJ's conclusion that any presumption of a well-founded fear is rebutted because of changed country conditions in Armenia. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003). The IJ's analysis of how changed country conditions affected Nikoghosyan's specific situation was sufficiently individualized. *See id.*

Because Nikoghosyan failed to demonstrate he was eligible for asylum, he necessarily fails to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the IJ's denial of CAT relief because Nikoghosyan did not show it was more likely than not that he would be tortured if he returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.